IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CLIFTON B. MAYS,** | CASE NO. 1:20 CV 1402 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **WARDEN KENNETH BLACK[1],** | |
| Respondent. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

*Pro se* Petitioner Clifton B. Mays ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Carmen E. Henderson for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On January 18, 2022, Judge Henderson issued an R&R recommending the Petition be denied in its entirety and denying his motion for an evidentiary hearing. (Doc. 67). Petitioner has filed objections to the R&R. *See* Docs. 68, 70, 71, 72. He has also filed a Motion for Appeal Bond. (Doc. 69).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court OVERRULES Petitioner's Objections, ADOPTS the R&R, and DENIES Petitioner's habeas Petition and motion for an evidentiary hearing. The Court further DENIES Petitioner's Motion for Appeal Bond.

---

1. Petitioner is incarcerated at the Richland Correctional Institution in Mansfield, Ohio. The Court updates the caption of the case to reflect the current Warden of that Institution, Kenneth Black.

**BACKGROUND**

This habeas case, filed June 25, 2020[2], stems from Petitioner's jury trial conviction in the Cuyahoga County, Ohio Court of Common Pleas for domestic violence, attempted murder, felonious assault, kidnapping, endangering children, aggravated menacing, and having weapons under disability. *See* Doc. 1; Doc. 49-1, at 144-45. Petitioner is serving a 24-year prison sentence. (Doc. 1, at 1); Doc. 49-1, at 146-47.

Petitioner raises four grounds for relief in his Petition:

1. 90 days speedy trial rights were violated, judicial misconduct, prosecutorial misconduct, police misconduct, witness misconduct.

2. Ineffective assistance of trial counsel, Michael J. Cheselka, conspiracy with the prosecutors, the police, and the judge.

3. The court failed to send out my subpoenas when I was representing myself, according to Criminal Rule 44, judicial misconduct.

4. A forged fraudulent complaint by Detective Thelemon Powell that lacked probable cause, essential facts, supporting affidavit, and judicial review.

(Doc. 1, at 5-10).

In her R&R, Judge Henderson recommends the Court find the entirety of Petitioner's Petition procedurally defaulted. (Doc. 67, at 12-14). Further, she recommends the Court deny Petitioner's motion for an evidentiary hearing. *Id.* at 15-16.

**STANDARD OF REVIEW**

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected

---

2. Petitioner correctly points out that the R&R incorrectly lists the filing date as July 5, 2018. *See* Doc. 68, at 12 (citing Doc. 67, at 5). However, this typographical error is immaterial to the R&R's substantive analysis.

to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

### DISCUSSION

The R&R specifically recommends the Court find Petitioner's four grounds for relief procedurally defaulted because Petitioner failed to raise them to the Ohio Appellate Court in

3

accordance with the time-limits set by that Court, and further because Petitioner did not appeal any appellate court's decision to the Ohio Supreme Court.

Petitioner's objections largely fall into three categories: (1) arguments against default; (2) arguments about the merits of his underlying claims and assertions that an evidentiary hearing would prove those claims; and (3) claims that Judge Henderson was biased against him, in part because he filed a Writ of Mandamus with the Sixth Circuit Court of Appeals.

Procedural Default

Petitioner makes two specific objections related to the R&R's procedural default analysis. First, he seemingly attempts to argue "cause" to overcome the default of claims raised on direct appeal by stating that "Appellate Counsel Cavallo . . . improperly abandoned [Petitioner's] case, because he or the 8th District Court of Appeals never got a proper waiver of counsel in writing nor did either of them send Mr. Mays trial transcripts or the state record." (Doc. 68, at 10-11). To the extent Petitioner is attempting to assert ineffective assistance of appellate counsel as cause, he cannot do so because he has not presented such a claim independently to the Ohio courts, and thus this claim itself is procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (procedurally defaulted claim of ineffective assistance of appellate counsel cannot serve as "cause" for "cause and prejudice" to excuse a procedural default).

Second, Petitioner asserts he "proved that he appealed Motions for New Trial to the 8th District Court of Appeals, and Memorandum for Jurisdiction as it relates to his denial of direct appeal to the Ohio Supreme Court." (Doc. 68, at 11). He continues: "United States Certified Postage Receipts proves that these motions were sent to these courts, proving more misconduct. Mr. Mays submitted his evidence to the federal court. It is not Mr. Mays fault if the court did not docket them which proves conspiracy." *Id.* at 11-12. Petitioner does not provide any citation or

further elaboration in support of this statement. As Respondent pointed out in his Answer (Doc. 49, at 14), the R&R explained (Doc. 67, at 5, 12-13), and this Court has confirmed, the state court docket does not reflect either an appeal to the Ohio Supreme Court of the Ohio Appellate Court's dismissal of Petitioner's direct appeal, or an appeal to the Ohio Appellate Court of the trial court's denial of Petitioner's motion for a new trial. Petitioner's conclusory allegation that he attempted to do so does not change the R&R's analysis. In fact, although the Petition asserts Petitioner sought further review of his direct appeal, the proceeding he cites is an action for a Writ of Prohibition, not an appeal of the Ohio Appellate Court's procedural dismissal of the appeal. *See* Doc. 1, at 2-3 (citing Ohio Supreme Court case 2019-1625). That is, although Petitioner filed other actions and motions, these actions were not the proceedings necessary to exhaust his claim in state courts and avoid procedural default.³

Third, to the extent Petitioner is more broadly contending that he is innocent of the underlying crimes, the R&R correctly states that Petitioner has not satisfied the standard for excusing default based on the "fundamental miscarriage of justice" or "actual innocence" exception. *See* Doc. 67, at 13-14.

Fourth, Petitioner's contention that his "ninety . . . day speedy trial claim is a 6th Amendment federal constitutional issue that cannot be procedurally defaulted" (Doc. 68, at 12) is

---

3. Furthermore, the Court notes Petitioner did not raise this argument for "cause" to the Magistrate Judge in response to Respondent's arguments about procedural default. *See* Doc. 51-1 (Memorandum in Support of Reply/Traverse). And he has presented no "compelling reason" for his failure to do so. As such, this argument is waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits . . . review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.") (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's [decision] are deemed waived")).

simply incorrect. The ninety-day time period to which Petitioner refers is a state statutory requirement, not a federal constitutional one, and habeas relief will not lie for claimed violations of state law. *See* Ohio Rev. Code § 2945.71; *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). More fundamentally, however, a constitutional speedy trial claim – like any other habeas claim – can be procedurally defaulted. *See, e.g.*, *Creech v. Shoop*, 2021 WL 867125, at *4 (6th Cir.) ("Because the state appellate court enforced a procedural bar to deny review, the speedy trial claims are procedurally defaulted."); *Carley v. Hudson*, 563 F. Supp. 2d 760, 774 (N.D. Ohio 2008) (finding speedy trial claim procedurally defaulted).

Fifth, because Petitioner's claims are all procedurally defaulted, there is no need for the Court to reach his arguments regarding the underlying merits of his claims.

Evidentiary Hearing

Petitioner's objections also address the R&R's recommendation that an evidentiary hearing be denied. He contends such a hearing is necessary to prove the underlying merits of his grounds for relief.

But Petitioner's claims are procedurally defaulted and he has not shown cause and prejudice to overcome that default. His arguments for an evidentiary hearing go to the merits of those defaulted claims, and challenging the evidence presented in state court and validity of his underlying conviction. In these circumstances, an evidentiary hearing is not necessary. *See Werber v. Milligan*, 2012 WL 1458103, *23 (N.D. Ohio) (discovery seeking to develop new evidence as to defaulted claims would be futile); *Foster v. Brunsman*, 2010 WL 3604453, *1 (S.D. Ohio); *Judon v. Trombley*, 2008 WL 4279371, at *4 (E.D. Mich.) ("Because Petitioner's claims are procedurally defaulted and he has failed to establish cause or prejudice or a miscarriage of justice to excuse the default, he is not entitled to an evidentiary hearing on his claims.").

Claims of Bias

Finally, as to Petitioner's claims of bias or fraud which are repeated throughout his filing (*see* Doc. 68), the Court finds them not to be proper objections and to be entirely unfounded. The Court has carefully reviewed the R&R and finds it accurately summarizes the relevant underlying facts and legal standards applicable to Petitioner's claims. Plaintiff presents no evidence, aside from sweeping accusations and speculation, that the Magistrate Judge acted inappropriately when making her recommendation. The Court can find no such evidence in the record.

Motion for Appeal Bond

After Judge Henderson filed her R&R and Petitioner filed his objections, Petitioner also filed a "Motion for Appeal Bond According to Federal Rule 60-B(6)". (Doc. 69)[4]. Under limited circumstances, a prisoner may seek release pending the court's review of his habeas petition. *See Pouncy v. Palmer*, 993 F.3d 461, 463 (6th Cir. 2021). "In order to receive bail pending a decision on the merits [of a habeas petition], prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' " *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers)); *see also Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). But "[t]here will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79; *see also Pouncy*, 993 F.3d at 463.

For the reasons set forth in the R&R and above, the Court finds Petitioner has not shown a substantial claim of law based on the facts surrounding his Petition. As such, his Motion for Appeal Bond is denied.

---

4. Federal Civil Rule 60(b)(6) addresses motions for relief from judgment, not motions for bond.

7

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Henderson's R&R (Doc. 67) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DENIED as set forth therein and herein; and it is

FURTHER ORDERED that Petitioner's Motion for Appeal Bond (Doc. 69) be DENIED;

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

                                                           s/ *James R. Knepp II*
                                                           UNITED STATES DISTRICT JUDGE